| SUMMONS - CIVIL<br>(Except Family Actions)<br>JD-CV-1 Rev. 1-2000<br>C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.state.ct... | "X" ONE OF THE FOLLOWING:<br>Amount, legal interest or property<br>in demand, exclusive of interest<br>and costs is: |
|---|---|---|

**INSTRUCTIONS**
Type or print legibly; sign original summons and conform all copies of the summons.
Prepare or photocopy conformed summons for each defendant.
Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint.
Also, if
There are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
The party recognized to pay costs must appear personally before the authority taking the recognizance.
Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section

**RECEIVED DEC 14 2006 LAW DEPT.**

☐ less than $2,500
☐ $2,500 through $14,999.99
☒ $15,000 or more
("X" if applicable)
☒ Claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

**RETURN DATE** (Mo., day, yr.) (Must be a Tuesday) 12/26/06

| JUDICIAL DISTRICT ☐ HOUSING SESSION | ☐ G.A. NO. | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349)<br>New Haven | CASE TYPE (See JD-CV-1c)<br>Major C  Minor 90 |
|---|---|---|---|

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350): 235 Church Street, New Haven, CT 06510
TELEPHONE NO. (w/area code): 203-503-6800

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial | ☒ Form JD-CV-2 attached | PTY NO. |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | SCHERER, David<br>10 Eastwood Road, West Hartford, CT 06117 | | | 01 |
| Additional Plaintiff | MILLER, William<br>1100 Elm Street, Stratford, CT 06615 | | | 02 |
| FIRST NAMED DEFENDANT | COMBINED INSURANCE COMPANY OF AMERICA, c/o Commissioner, State of Connecticut Insurance Department, 153 Market Street, Hartford, CT 06103 | | | 50 |
| Additional Defendant | COMBINED LIFE INSURANCE COMPANY OF NEW YORK<br>11 British American Boulevard, Latham, NY 12110 | | | 51 |
| Additional Defendant | AON CORPORATION<br>200 East Randolph Street, Chicago, IL 60601 | | | 52 |
| Additional Defendant | | | | 53 |

## NOTICE TO EACH DEFENDANT

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE<br>12/4/06 | SIGNED (Sign and "X" proper box) | ☒ Comm. of Superior Court<br>☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT<br>Joseph D. Garrison |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)<br>Joseph D. Garrison, 405 Orange St., New Haven, CT 06511 | TELEPHONE NUMBER<br>203-777-4425 | JURIS NO. (If atty. or law firm)<br>21832 |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)<br>Cheryl Maturo, 405 Orange St., New Haven, CT 06511 | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

| # PLFS. 5 | # DEFS. 3 | # CNTS. 2 | SIGNED (Official taking recognizance, "X" proper box) | ☒ Comm. of Superior Court<br>☐ Assistant Clerk | For Court Use Only<br>FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

ATTEST: A TRUE COPY
JOSEPH INTRIERI CT. STATE MARSHAL

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**

JD-CV-2 EL Rev. 8-94

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

FIRST NAMED PLAINTIFF (Last, First, Middle Initial)
SCHERER, David

FIRST NAMED DEFENDANT (Last, First, Middle Initial)
COMBINED INSURANCE COMPANY OF AMERICA

**ADDITIONAL PLAINTIFFS**

| NAME (Last, First, Middle Initial, if individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|---|
| MCHUGH, William | 300 East Main Street, Apt. 1B, Chicopee, MA 01020 | 03 |
| KATZENBERGER, George | 4 Harbour Way, Monmouth Beach, NJ 07750 | 04 |
| JOHNSON, Philip | 92 Woodbridge Avenue, New Haven, CT 06515 | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

**ADDITIONAL DEFENDANTS**

| NAME (Last, First, Middle Initial, if individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|---|
| | | 54 |
| | | 55 |
| | | 56 |
| | | 57 |
| | | 58 |
| | | 59 |
| | | 60 |

| | | FOR COURT USE ONLY - FILE DATE |
|---|---|---|
| | 61 | |
| | 62 | |
| | 63 | DOCKET NO. |

CIVIL SUMMONS-Continuation

RETURN DATE: DECEMBER 26, 2006

| | |
|---|---|
| ------------------------------------------------x <br> DAVID SCHERER, WILLIAM MILLER, <br> WILLIAM McHUGH, GEORGE <br> KATZENBERGER and PHILIP JOHNSON, <br> on behalf of themselves and all others similarly <br> situated, <br>     Plaintiffs, <br> v. <br> COMBINED INSURANCE COMPANY OF <br> AMERICA, COMBINED LIFE INSURANCE <br> COMPANY OF NEW YORK, and <br> AON CORPORATION, <br>     Defendants. <br> ------------------------------------------------x | SUPERIOR COURT <br><br> JUDICIAL DISTRICT <br> OF NEW HAVEN <br><br> AT NEW HAVEN <br><br> DECEMBER 4, 2006 |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. This is a nationwide class action complaint for breach of contract and violation of the wage statutes of Connecticut and other states, based on defendants' deduction of unlawful "hiring penalty" charges from plaintiffs' wages. Plaintiffs are current and former District Managers employed by defendants in the insurance business.

### FACTUAL BACKGROUND

2. District Managers are mid-level employees of the defendant companies, who are promoted through the following path: Sales Agent; Team Leader; Sales Manager; then District Manager.

3. For approximately ten years, until Spring 2006, defendants assessed each District Manager a "hiring penalty" of $300 for each month that the District Manager did not

- 1 -

send a newly recruited employee to Sales Agent training with defendants.

4. District Managers are paid primarily on a commission basis. Assessment of these hiring charges had a significantly negative impact on the income of District Managers.

5. Defendants deducted hiring penalties only from the wages of District Managers, not from the wages of employees or managers at any other level.

6. Deduction of hiring penalties violated the written contract between the plaintiffs (and class members) and defendants because the contract did not authorize wage deductions for such penalties.

7. Deduction of hiring penalties violated Connecticut General Statutes §§ 31-71e and 31-71f, and equivalent wage statutes in other states, because plaintiffs were not notified of the deductions in advance, and did not give their written authorization for deduction of such penalties from their wages.

## PARTIES

### Defendants

8. Defendant AON CORPORATION is a Delaware corporation with its principal place of business in Chicago, Illinois.

9. Defendant COMBINED INSURANCE COMPANY OF AMERICA is a wholly owned subsidiary of Aon Corporation. It is licensed by the Connecticut Insurance Department to do business in this state, and regularly conducts business in this state.

10. Combined Insurance Company of America writes accident, health, life, disability, cancer, Medicare supplement, long-term care and critical illness insurance nationally.

11. On information and belief, Combined Insurance Company of America is licensed to

do business, and regularly conducts business, in 49 states of the United States, with the exception of New York.

12. Defendant COMBINED LIFE INSURANCE COMPANY OF NEW YORK is a wholly owned subsidiary of Aon Corporation that is licensed to do business, and conducts insurance business, in New York.

13. Defendants hereinafter will be referred to collectively as "Combined."

## Named Plaintiffs

14. Named Plaintiff DAVID SCHERER is a resident of West Hartford, Connecticut.

15. His current territory as a Combined District Manager is north-central Connecticut, including Tolland County and portions of Hartford and Litchfield Counties.

16. Mr. Scherer has an exemplary 17-year record as an employee of Combined.

17. Mr. Scherer began working for Combined as an insurance sales agent in 1989. He was promoted to Sales Manager within six months, and promoted to District Manager in 1991.

18. In 2003, Mr. Scherer returned to a position as Sales Manager because the hiring penalties assessed against him as a District Manager were so significant that the penalties nearly cancelled out his commission override income. Therefore it was economically infeasible for him to remain in the District Manager position at the time.

19. Mr. Scherer was again promoted to District Manager in March 2005, and was again subject to Combined's hiring penalties.

20. Mr. Scherer has suffered economic damages due to Combined's unlawful deduction of hiring penalties from his wages.

21. Named Plaintiff WILLIAM MILLER is a resident of Stratford, Connecticut.

22. His current territory as a Combined District Manager is Fairfield County, Connecticut.

23. Mr. Miller has an exemplary 15-year record as an employee of Combined.

24. Mr. Miller began working for Combined as an insurance sales agent in 1992. He was promoted to District Manager in 1994.

25. Mr. Miller has suffered economic damages due to Combined's unlawful assessment of hiring penalties against him.

26. Named Plaintiff WILLIAM MCHUGH is a resident of Chicopee, Massachusetts.

27. His current territory as a Combined District Manager is Berkshire County, Massachusetts and the Pioneer Valley of Massachusetts.

28. Mr. McHugh has an exemplary 12-year record as an employee of Combined.

29. Mr. McHugh began working for Combined in 1994 and was promoted to District Manager in 2002.

30. Mr. McHugh has suffered economic damages due to Combined's unlawful deduction of hiring penalties from his wages.

31. Named Plaintiff GEORGE KATZENBERGER is a resident of Monmouth Beach, New Jersey.

32. Mr. Katzenberger has an exemplary 11-year history as an employee of Combined.

33. Mr. Katzenberger began working for Combined in 1995 and was promoted to Sales Manager that same year. He was promoted to District Manager in 1996.

34. His territory as Combined District Manager encompassed the eastern parts of Monmouth, Middlesex and Union counties as well as parts of Essex, Morris and

Warren Counties in New Jersey.

35. In 2005, Mr. Katzenberger voluntarily stepped down as District Manager and became a Team Leader.

36. One of the main reasons Mr. Katzenberger resigned his District Manager position was that the hiring penalties caused a significant loss of net income, such that it was more financially advantageous to him to be demoted to a lower position in which hiring penalties were not deducted from his wages.

37. Mr. Katzenberger has suffered economic damages due to Combined's unlawful deduction of hiring penalties from his wages.

38. Named Plaintiff PHILIP JOHNSON is a resident of New Haven, Connecticut.

39. Mr. Johnson has an exemplary 21-year history as an employee of Combined.

40. Mr. Johnson began working for Combined in 1985. He was first promoted to District Manager in 1988, but voluntarily returned to Sales Manager positions in the early 1990s. Mr. Johnson was again promoted to District Manager in 1995 and has remained in that position to the present.

41. His current territory as a Combined District Manager encompasses New Haven County, and at times has encompassed the eastern Connecticut shoreline as well.

42. Combined has deducted hiring penalties from Mr. Johnson's wages approximately 60 times in the past six years.

43. Mr. Johnson has suffered economic damages due to Combined's unlawful deduction of hiring penalties from his wages.

## COUNT ONE: BREACH OF CONTRACT

44. Paragraphs 1 through 43 are incorporated by reference, as if set forth fully herein.

- 5 -

45. Every Named Plaintiff and every other District Manager signed a written contract with Combined, upon his or her promotion or assignment to District Manager.

46. On information and belief, each such written contract was a form agreement with identical provisions.

47. An example of such a written contract, signed by Named Plaintiff David Scherer, is attached hereto as EXHIBIT 1.

48. The aforementioned written contracts did not permit Combined to assess deduct hiring penalties from its District Managers' wages.

49. For the time period of approximately 1995 through Spring 2006, defendants deducted a $300 hiring penalty from a District Manager's wages for each month that he or she did not send a newly recruited employee to sales representative training with Combined..

50. These hiring penalties violated the written contracts signed by the parties, causing economic losses to each Named Plaintiff and the plaintiff class.

### COUNT TWO: CONN. GEN. STAT. §§ 31-71e and 31-71f AND EQUIVALENT PROVISIONS IN OTHER STATES

51. Paragraphs 1 through 50 are incorporated by reference, as if set forth fully herein.

52. Combined District Managers are compensated on the basis of commissions plus overrides.

53. Earned commissions and overrides constitute wages under Conn. Gen. Stat. § 31-71a(3), and equivalent provisions in other states.

54. Combined did not provide notice, either written or posted, to any District Managers prior to their hiring that Combined had a policy of deducting hiring penalties from District Managers' wages.

55. Combined did not provide notice, either written or posted, to any District Managers at the inception of the hiring penalty policy that hiring charges could be deducted from their wages henceforth.

56. Combined did not obtain individual written authorization from any District Manager permitting Combined to deduct hiring penalties from such District Manager's wages.

57. Deduction of hiring penalties from wages without prior notice or written authorization constitutes a violation of Conn. Gen. Stat. §§ 31-71e and 31-71f.

58. Deduction of hiring penalties from wages without prior notice or written authorization constitutes a violation of the wages statutes of certain other states in which Combined employs District Managers.

## CLASS ACTION ALLEGATIONS

59. On information and belief, Combined employs approximately 400 District Managers in all 50 states.

60. The class of District Managers is so numerous and geographically dispersed as to make joinder of all members impracticable.

61. On information and belief, each District Manager signed an identical form contract when promoted or assigned to a District Manager position at Combined.

62. Between approximately 1995 and Spring 2006, each District Manager was subject to wage deductions for hiring penalties assessed by Combined.

63. The hiring penalties violated Combined's form manager contract, which, on information and belief, was signed by all members of the class of District Managers.

64. The breach-of-contract claims of the representative Named Plaintiffs therefore are common to the class and typical of the claims of the members of the class of

- 7 -

Combined District Managers.

65. The deduction of hiring penalties from District Managers' wages violated Conn. Gen. Stat. §§ 31-71e and 31-71f and equivalent statutes in other states in which Combined employs District Managers.

66. Although not every state in which Combined employs District Managers has a statutory or common law equivalent of Conn. Gen. Stat. §§ 31-71e and 31-71f, the statutory claims of the representative Named Plaintiffs are common and typical of a subclass of District Managers who are employed in states with such equivalent laws.

67. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the class and subclass.

68. The questions of law or fact common to the members of the class and subclass predominate over any questions affecting only individual members.

69. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.

70. No Named Plaintiff has individual damages in excess of $75,000.

## PRAYER FOR RELIEF

Wherefore, the plaintiffs request that the Court:

1. Certify a class of Combined District Managers for purposes of the breach-of-contract count (Count One).

2. Certify a subclass of Combined District Managers in Connecticut and states with provisions of law equivalent to Conn. Gen. Stat. §§ 31-71e and 31-71f for purposes of the statutory count (Count Two).

3. Award economic damages in the form of back wages for the hiring penalties that

were deducted from District Managers' wages in breach of contract and in contravention of the law.

4. Award double damages pursuant to Conn. Gen. Stat. § 31-72 and other statutory damages, penalties, interest, and other amounts as permitted by equivalent laws of other states in which class members are employed.

5. Award reasonable attorney's fees and costs in connection with this action.

6. Grant other or additional relief as may appear to this Court to be just and equitable.

THE PLAINTIFFS,

By: _____
Joseph D. Garrison (Juris No. 21832)
Alexandra K. Block (Juris No. 424717)
Garrison, Levin-Epstein, Chimes &
     Richardson, P.C.
405 Orange Street
New Haven, CT 06511
Tel. (203) 777-4425
Fax (203) 776-3965
jgarrison@garrisonlaw.com
ablock@garrisonlaw.com

**PLEASE ENTER OUR APPEARANCES FOR THE PLAINTIFFS.**

ATTEST:
A TRUE COPY
JOSEPH L. ANTINERELLA
CT. STATE MARSHAL

- 9 -

**LITTLER MENDELSON, P.C.**
Andrew P. Marks (Bar No. CT10480)
Attorneys for Defendants
885 Third Avenue, 16th Floor
New York, New York 10022.4834
212.583.9600

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID SCHERER, WILLIAM MILLER, WILLIAM McHUGH, GEORGE KATZENBERGER, AND PHILIP JOHNSON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs<br><br>- against -<br><br>COMBINED INSURANCE COMPANY OF AMERICA, COMBINED LIFE INSURANCE COMPANY OF NEW YORK, and AON CORPORATION,<br><br>Defendants. | Index No.:<br><br>**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**<br><br>**306CV02058 MRK** |

**TO:** Garrison, Levin-Epstein, Chimes & Richardson, P.C.
**Attorneys for Plaintiff**
**405 Orange Street**
**New Haven, CT 06511**

PLEASE TAKE NOTICE that Combined Insurance Company of America, Combined Life Insurance Company of New York, and Aon Corporation, defendants in the action in the Superior Court of the State of Connecticut, Judicial District of New Haven, have filed a Notice of Removal to the United States District Court for the District of Connecticut on this 27th day of December 2006, pursuant to 28 U.S.C. sections 1332(d) (the Class Action Fairness Act). A copy of such Notice is attached.

LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants

By: _____
Andrew P. Marks

Dated: December 27, 2006

DOCKET NO. NNH-CV-06-5007946-S

| | |
|---|---|
| DAVID SCHERER, WILLIAM MILLER, WILLIAM McHUGH, GEORGE KATZENBERGER, AND PHILIP JOHNSON, on behalf of themselves and others similarly situated,<br><br>     Plaintiffs<br><br> - against -<br><br>COMBINED INSURANCE COMPANY OF AMERICA, COMBINED LIFE INSURANCE COMPANY OF NEW YORK, and AON CORPORATION,<br><br>     Defendants. | SUPERIOR COURT<br><br>JUDICIAL DISTRICT OF NEW HAVEN AT NEW HAVEN<br><br>3 0 6 C V 0 2 0 5 8<br><br>December 27, 2006 |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO: Clerk of Court
   Superior Court, J.D. of New Haven
   235 Church Street
   New Haven, CT 06510

PLEASE TAKE NOTICE that on December 27, 2006, Combined Insurance Company of America, Combined Life Insurance Company of New York, and Aon Corporation, the defendants herein, filed a Notice of Removal with the United States District Court for the District of Connecticut. A copy of the said Notice of Removal is annexed hereto.

            LITTLER MENDELSON
            A Professional Corporation
            Attorneys for Defendants

       By: _____
         Andrew P. Marks
         885 Third Avenue, 16th Floor
         New York, New York 10022
         (212) 583-9600

Dated: December 27, 2006

## CERTIFICATION

I hereby certify that a true copy of the foregoing document was mailed by overnight delivery on this date to the following:

>Joseph D. Garrison
>Alexandra K. Block
>Garrison, Levin-Epstein, Chimes & Richardson, P.C.
>Attorneys for Plaintiff
>405 Orange Street
>New Haven, CT 06511

Dated: December 27, 2006

_____
Andrew P. Marks