UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID SCHERER ET AL., : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 3:06-cv-02058 (VLB) |
| COMBINED INSURANCE COMPANY : | |
| OF AMERICA ET AL., : | |
| Defendants. : | September 26, 2008 |

**MEMORANDUM OF DECISION DENYING
PLAINTIFFS' MOTION TO CERTIFY CLASS [Doc. #43]**

The plaintiffs, David Scherer, William Miller, William McHugh, George Katzenberger, and Philip Johnson, move to certify a class in this case against the named defendant, Combined Insurance Company of America ("Combined").[1] Combined argues that the plaintiffs have failed to satisfy the class certification requirements of Fed. R. Civ. P. 23. The Court agrees with Combined that the plaintiffs have not met their burden of proof. Accordingly, the plaintiffs' motion to certify is DENIED.

The plaintiffs are current and former district managers for Combined who supervise insurance policy sales and are employed on a commission basis. Scherer, Miller, and Johnson are citizens of Connecticut; McHugh is a citizen of Massachusetts; and Katzenberger is a citizen of New Jersey. Combined is

---

[1] The other defendants in this case are Aon Corporation, the parent company of Combined, and Combined Life Insurance Company of New York ("Combined Life"), a subsidiary of Aon. The plaintiffs refer only to Combined, and not to Aon and Combined Life, in their class certification motion.

incorporated and maintains its principal place of business in Illinois. The plaintiffs filed this class action in Connecticut Superior Court, asserting breach of their employment contract, violations of two Connecticut wage statutes, Conn. Gen. Stat. §§ 31-71e & 31-71f, and violations of "equivalent wage statutes in other states . . . ." [Doc. #1, Complaint p. 2; Doc. #17, p. 2] According to the plaintiffs, the class for the breach of contract claim consists of 978 district managers employed by Combined from December 1991 to April 2006 in Puerto Rico and every state except Alaska and New York, and also excluding the District of Columbia. The subclass for the state wage statute claims consists of 521 out of the 978 district managers because only 36 states have applicable wage statutes. Combined removed the case to this Court pursuant to 28 U.S.C. § 1332(d), which provides federal courts with original jurisdiction over civil class actions filed under state law when the number of class members is 100 or more, any of the plaintiffs is a citizen of a state different from any defendant, and the amount in controversy exceeds $5 million.

The plaintiffs claim that Combined breached their employment contract and violated state wage statutes by charging district managers $300 for each month in which they failed to send a new recruit to Combined's sales agent training program. The contested portion of the Connecticut version of the employment contract provides:

> (10) CREDIT ARRANGEMENTS; EXPENSES; STANDARD CHARGES

2

> **The Company shall not be responsible for** any credit arrangements made by the Employee with anyone, nor for any <u>expenses of the Employee such as</u> license fees of the Employee or any Supervised Employees, rentals, transportation, clerk hire, occupation taxes, postage, telegrams, telephone, expressage, guarantees paid to new representatives, <u>advertising for and recruiting of sales trainees</u>, or any other expense of the Employee or of any Supervised Employees (and if the Company shall pay any such expense on behalf of the Employee, the Employee agrees to reimburse the Company), <u>and the Employee agrees to pay the standard Company charge</u> as established from time to time in the Sales Territory incurred by or for the account of the Employee <u>for</u> sales incentive programs, Home Office Sales Managers or Pacemakers, <u>sales training school expense, sales training, and other standard charges the Company may establish to cover sales training</u>, sales promotional activities, underwriting rule violations, payments to any of the Supervised Employees by the Company pursuant to any commission guaranty agreement between the Company and a sales representative, the late return of electronic data processing cards, and the like, except as may be expressly provided otherwise hereinafter.

(Emphasis added.) [Doc. #43, Declaration of Jinny Kim, Ex. 5, p. 4] The plaintiffs acknowledge that that provision requires them to pay certain expenses, but they argue that there is no mention of a $300 charge for failure to send a new recruit to Combined's sales agent training program. The plaintiffs also argue that the $300 charge constitutes unauthorized withholding of wages without notice in violation of Conn. Gen. Stat. §§ 31-71e & 31-71f and purportedly "equivalent wage statutes in other states . . . ." [Doc. #17, p. 2] According to Combined, the company charged all district managers $150 for each new recruit until 1996, when it informed them of the new $300 charge, which was the "standard Company charge . . . for . . . sales training school expense" as stated in the contract. As an

incentive for district managers to bring in new recruits, Combined waived the $300 charge as long as they each provided a new recruit.  In Combined's view, the waiver option constituted a monetary benefit for its district managers.

The Court does not assess the merits of the plaintiffs' claims when considering their motion to certify.  In re Initial Public Offering Securities Litigation, 471 F.3d 24, 41 (2d Cir. 2006).  Instead, the Court determines whether the plaintiffs have satisfied the requirements of Fed. R. Civ. P. 23.  Rule 23(a) provides:  "One or more members of a class may sue or be sued as representative parties on behalf of all members only if:  (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  If Rule 23(a) is satisfied, then Rule 23(b)(3) provides that the Court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to the findings include:  (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;

and (D) the likely difficulties in managing a class action."

In the present case, the Court first examines the Rule 23(a) factors with respect to the breach of contract class. As to the first requirement, the 978 members of the breach of contract class are sufficiently numerous. "[N]umerosity is presumed at a level of 40 members . . . ." Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995). As to the second requirement, however, the questions of fact are not common to the class because the members of the class did not sign the same contract nationwide. The Court quoted the contested portion of the Connecticut version of the contract above. In contrast, the relevant portion of the California version of the contract provides:

> (9) CREDIT ARRANGEMENTS; EXPENSES; STANDARD CHARGES
>
> The Company shall not be responsible for any credit arrangements made by the Employee with anyone, nor for any expenses incurred by the Employee other than those expenses expressly authorized in writing by an authorized employee of the Company. <u>The Employee agrees to pay the standard Company charge</u> as established from time to time incurred by or for the account of the Employee for payments to any of the Supervised Employees by the Company pursuant to the Company's standard Guaranty Agreement, late return of electronic data processing cards, and the like, except as may be expressly provided otherwise hereinafter.

(Emphasis added.) [Doc. #43, Declaration of Jinny Kim, Ex. 8, p. 3] Whereas the Connecticut version refers to sales training expenses, the California version does not. Thus, whether Combined breached the employment contract in Connecticut or California involves different contractual language and therefore different

questions of fact in each state. The plaintiffs have not provided the version of the contract used in any of the other 47 jurisdictions in which class members reside, making it impossible for the Court even to examine whether all of the factual issues could be related.

Moreover, there is evidence in the record that not all members of the class signed a district manager employment contract. Katzenberger and McHugh, the plaintiffs from New Jersey and Massachusetts, respectively, testified at their depositions that they did not sign an employment contract when they were promoted from sales manager to district manager, even though they had previously averred that they signed such a contract. [Doc. #45, Ex. M, pp. 9-10; Ex. I, p. 10; Ex. N, p. 1; Ex. P, p. 1] Notably, the plaintiffs have not provided copies of the contracts signed by Katzenberger and McHugh, although they have provided copies of the contracts signed by the three Connecticut plaintiffs, Scherer, Miller, and Johnson. Combined points out that company policy required every district manager to sign an employment contract, but that policy was not always observed. If some members of the class did not sign an employment contract while others signed different versions of a contract, there is an obvious lack of common factual questions among the class members. Given the absence of common factual questions, it necessarily follows that the Court cannot conclude that the plaintiffs could satisfy the last two Rule 23(a) requirements of typicality and fair and adequate representativeness.

The Court next examines the Rule 23(a) factors with respect to the state

wage statute subclass.  As to the first requirement, the 521 members of the subclass are sufficiently numerous.  As to the second requirement, however, the questions of law are not common to the subclass because 36 state wage statutes are implicated.  The plaintiffs fail to consider the threshold issue of whether all of those statutes even apply to the subclass, as the subclass was paid on a commission basis and each state defines wages differently.  Although the plaintiffs provide a chart characterizing the statutes, they do not examine the differences among the statutes in their memorandum of law.  They merely state that "any differences in state law are manageable" without explaining the differences or demonstrating how those differences could be managed.  [Doc. #43, Memorandum p. 19]  "[V]ariation and lack of uniformity indicate a uniform substantive law . . . cannot be applied to the claims of [a] purported nationwide class. . . .  Courts have refused to certify nationwide class actions where the substantive law of multiple states must be applied . . . ."  <u>Lewis Tree Service, Inc. v. Lucent Technologies Inc.</u>, 211 F.R.D. 228, 236 (S.D.N.Y. 2002).

Combined has cited several federal law class action cases in which courts refused to exercise supplemental jurisdiction over claims invoking multiple state wage statutes because of the complex and divergent state law issues involved.  See, e.g., <u>Neary v. Metropolitan Property and Casualty Insurance Co.</u>, 472 F. Supp. 2d 247, 251-53 (D. Conn. 2007); <u>Glewwe v. Eastman Kodak Co.</u>, Docket No. 05-CV-6462T, 2006 WL 1455476 at *4 (W.D.N.Y. May 25, 2006).  In contrast, the plaintiffs have not cited any cases in which courts concluded that sufficient

commonality of legal questions permitted the certification of classes asserting multiple state wage law claims or the exercise of supplemental jurisdiction over such claims. Because of the absence of common legal questions among the subclass in the present case, it necessarily follows that the Court cannot conclude that the plaintiffs could satisfy the last two Rule 23(a) requirements of typicality and fair and adequate representativeness.

As both the class and subclass do not satisfy the requirements of Rule 23(a), there is no need to consider whether they satisfy the requirements of Rule 23(b). The plaintiffs' motion to certify is DENIED, and they may pursue their claims individually in state court. The Clerk is directed to CLOSE this case.

                              IT IS SO ORDERED.

                              /s/
                              Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut: September 26, 2008.